# EXHIBIT "A"

**COPY**

**SUM-100**

## SUMMONS
*(CITACION JUDICIAL)*

**BY FAX**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 16 2017

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION; and DOES 1 – 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIGUEL NAPOLES,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

CASE NUMBER: *(Número del Caso):* **17K07666**

111 N Hill St,
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE: **JUN 16 2017**   SHERRI R. CARTER   Clerk, by J. LARA, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Target Corporation**

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-22-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 1 0 2017

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

MIGUEL NAPOLES,

Plaintiff,

vs.

TARGET CORPORATION; and DOES 1 – 10 inclusive,

Defendant.

Case No. 17K07666

COMPLAINT
(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Telephone Consumer Protection Act

JURY DEMANDED

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter, "TCPA").

## II. PARTIES

2. Plaintiff, MIGUEL NAPOLES ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

Complaint - 1

3. At all relevant times herein, Defendant, TARGET CORPORATION ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227 and is a "person" as defined by 47 U.S.C. § 153(39).

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. From in or around March of 2017 and continuing through April of 2017, Defendant called Plaintiff's cell phone ending in -3403 numerous times.

8. Defendant called from phone numbers belonging to them, including without limitation (612) 815-5881.

9. Defendant's calls were excessive and harassing to Plaintiff.

10. Defendant's calls were made to Plaintiff in connection with collection on an alleged debt.

11. Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

12. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

14. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

15. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

    b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

    c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

    d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

16. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service,

Complaint - 3

cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

17. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.  Actual damages;
    B.  Statutory damages for willful and negligent violations;
    C.  Costs and reasonable attorney's fees;
    D.  For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates by reference all of the preceding paragraphs.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

22. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

23. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one

of the above cited provisions of 47 U.S.C. § 227 et seq..

24. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

25. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

B. As a result of Defendant's wilful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

26. Pursuant to her right under Article 1, Section 16 of the Constitution of the State of California, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 16th day of June, 2017.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, MIGUEL NAPOLES | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>JUN 1 6 2017<br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS: 111 N Hill St
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Miguel Napoles v. Target Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [ ] Unlimited  [✓] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 17K07666<br>JUDGE:<br>DEPT: |

BY FAX

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [✓] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 16, 2017

Todd M. Friedman
(TYPE OR PRINT NAME)                                    ► _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)--Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice-- Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case--Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ--Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal--Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic relations)*
        Sister State Judgment
        Administrative Agency Award *(not unpaid taxes)*
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**COPY**

| SHORT TITLE: Miguel Napoles v. Target Corporation | CASE NUMBER 17K07666 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

BY FAX

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type Indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16) LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.3 Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Miguel Napoles v. Target Corporation | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☒ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)        CIVIL CASE COVER SHEET ADDENDUM        Local Rule 2.3
LASC Approved 03-04          AND STATEMENT OF LOCATION              Page 2 of 4

15

| SHORT TITLE: Miguel Napoles v. Target Corporation | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)     CIVIL CASE COVER SHEET ADDENDUM     Local Rule 2.3
LASC Approved 03-04     AND STATEMENT OF LOCATION     Page 3 of 4

16

| SHORT TITLE: Miguel Napoles v. Target Corporation | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br> ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS: <br> 9026 Sandusky Avenue |
|---|---|
| CITY: Arleta | STATE: CA | ZIP CODE: 91331 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 16 June 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)   CIVIL CASE COVER SHEET ADDENDUM   Local Rule 2.3
LASC Approved 03-04   AND STATEMENT OF LOCATION   Page 4 of 4

17

# FILED
LOS ANGELES SUPERIOR COURT

MAR 0 7 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

17K07666

In re Limited Civil Jurisdiction Cases Calendared ) Case No.:
in Department 77 (Non – Collections Cases) )
) 2nd AMENDED
) GENERAL ORDER
)
)
)

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the Los Angeles County Superior Court Local Rules, the COURT HEREBY ISSUES THE FOLLOWING GENERAL ORDERS THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 77.

1.  PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS GENERAL ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE</u>, AS MANDATED IN THIS ORDER.

2.  The Court sets the following trial date in this case in Department 77 (7th floor, Room 736) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

<u>TRIAL</u>:
• Date: TRIAL: 12 / 17 / 2018   OSC: 06 / 16 / 2020 at 8:30 a.m.

## SERVICE OF SUMMONS AND COMPLAINT

3. The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint</u>. The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4. The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (Code Civ. Proc., § 581, subd. (b)(4).) The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

**UNSERVED PARTIES DISMISSAL DATE**

_____

5. No Case Management Review (CMR) and no Mandatory Settlement (MSC) or Final Status Conferences (FSC) will be conducted in this case.

## LAW AND MOTION

6. All regularly noticed pretrial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it

through the Court Reservation System (CRS). All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7. <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to **lacourt.org**, select "Civil" Division, and then click on "Tentative Rulings."

## EX PARTE APPLICATIONS

8. Ex parte applications must be noticed for 1:30 p.m. in Department 77. All ex parte application fees must be paid by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9. The fees for a jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by Code of Civil Procedure section 631, subdivisions (b) and (c).

## STIPULATION TO CONTINUE TRIAL

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

## TRIAL

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the day of trial the parties shall bring with them to Department 77 all of the following:

i. A printed Joint Statement of the Case;

ii. Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court (LASC) see local rule 3.57;

iii. A printed Joint Witness List disclosing an offer of proof regarding each testimony, the time expected for testimony, and the need of an interpreter.

iv. Joint Exhibits in Exhibit Books, numbered appropriately, and Exhibit List;

v. A printed Joint Proposed Jury Instructions, and

vi. A printed Joint Proposed Verdict form(s).

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATED: 3/7/16

Hon. Kevin C. Brazile
Supervising Judge of Civil

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

JUN 29 2016

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016



_____
CAROLYN B. KUHL
Presiding Judge

---
1
GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

**Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests**

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests [http://www.lacourt.org/irud/UI/index.aspx]. While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

**Ծանուցագիր սահմանափակ իրավասության քաղաքացիական գործերով Թարգմանչական ծառայության խնդրանք ներկայացնելու համար նախատեսված առցանց դարպասի առկայության մասին**

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ է տրամադրում սահմանափակ իրավասության քաղաքացիական վարույթների՝ անգլերենի սահմանափակ իմացություն ունեցող կողմերին: Իսպաներենի թարգմանչի առկայությունը բոլոր դատարաններում ապահովված է: Ուստի, իսպաներենի թարգմանչի հայտ նախապես ներկայացնել անհրաժեշտ չէ: Եթե իսպաներենի թարգմանչի կարիք ունեք, ապա խնդրում ենք այդ մասին Ձեր լսման օրը տեղեկացնել դատարանի դահլիճի անձնակազմին: Անգլերենի սահմանափակ իմացություն ունեցող անձինք, ովքեր խոսում են իսպաներենից բացի մեկ այլ լեզվով, կարող են թարգմանչի խնդրանք ներկայացնել նախօրոք՝ նախքան իրենց լսման օրը, Դատարանի՝ Թարգմանչական ծառայության խնդրանքների համար նախատեսված առցանց դարպասի միջոցով [http://www.lacourt.org/irud/UI/index.aspx]: Թեև դատարանն ամեն ինչ կանի Ձեր լսման օրն ու ժամին թարգմանչի ներկայություն ապահովելու համար, սակայն դատարանը չի երաշխավորում, որ նման ներկայություն անմիջապես հնարավոր կլինի ապահովել: Լեզվական մատչելիության ծառայություններին վերաբերող հարցերով խնդրում ենք դիմել LanguageAccess@LACOURT.org:

**关于有限民事管辖权传译员申请网络门户的可用性通知**

在有限民事管辖权庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译员服务。在所有法庭中，均有现成的西班牙语传译员。因此您不需要提前申请西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户(http://www.lacourt.org/irud/UI/index.aspx)提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。 如果您有关于语言服务的疑问，请联系 LanguageAccess@LACOURT.org。

**통역사 신청을 위한 소액 청구 웹 포털 이용 통지**

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(http://www.lacourt.org/irud/UI/index.aspx). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACOURT.org.

**Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes**

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de Inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes [http://www.lacourt.org/irud/UI/index.aspx]. La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACOURT.org.

**Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên**

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (http://www.lacourt.org/irud/UI/index.aspx). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACOURT.org.

August 5, 2016